O’MALLEY, Circuit Judge,
concurring in judgment.
I agree that Centocor was not collaterally estopped from raising invalidity defenses in this infringement action by virtue of the Board’s prior finding that the relevant claims in the '128 patent were not invalid as obvious. I also agree that we should affirm the trial court’s judgment invalidating the asserted claims in the '128 and '485 patents. I would premise the latter judgment on the lower court’s obviousness finding however, a finding from which AbbVie does not appeal. As AbbVie conceded at oral argument, the validity of the patents rests entirely on whether the jury was properly instructed as to the parties’ respective burdens of proof. Oral Argument at 7:12, AbbVie Deutschland GMBH & Co. v. Janssen Biotech, Inc., 2013-1338, available at http://oralarguments.cafc. uscourts.gov/default.aspx?fl=2013-1338. mp3 (“We have moved for a new trial on [the obviousness] judgment. We didn’t move for JMOL on that judgment, but it does not mean that we didn’t move for a *1306 new trial on that judgment. The jury instruction infected all of the invalidity verdicts. And, that’s the distinction we made following this court’s admonition not to just appeal everything. The [obviousness] JMOL we thought in fairness we couldn’t and shouldn’t appeal.” (emphasis added)).
In other words, because AbbVie did not appeal the district court’s finding of obviousness, our decision on the jury instruction issue controls the outcome of this case. If we find no prejudicial error in the challenged jury instruction, the finding of obviousness stands and the patent is invalid. Alternatively, if we hold that the jury instruction is erroneous, AbbVie is entitled to a new trial on all validity issues. I express no opinion regarding the thoughtful written description analysis in the majority opinion. I simply do not think it necessary or dispositive to the outcome of this case. Nat'l Am. Ins. Co. v. United States, 498 F.3d 1301, 1306 (Fed.Cir.2007) (“Dicta, as defined by this court, are ‘statements made by a court that are unnecessary to the decision in the case, and therefore[,] not precedential....’” (internal quotation marks omitted) (quoting Co-Steel Raritan, Inc. v. Int’l Trade Comm’n, 357 F.3d 1294, 1307 (Fed.Cir.2004))).
We review the legal sufficiency of jury instructions on an issue of patent law de novo. Bettcher Indus., Inc. v. Bunzl USA, Inc., 661 F.3d 629, 638 (Fed.Cir.2011). We will order a new trial only when legal errors in the instruction as a whole had a prejudicial effect. Id. at 638-39. Importantly, however, we cannot do as the majority does and address the jury instruction error alleged only as it applies to the written description judgment. Maj. Op. at 1303-05. AbbVie argues that the improper jury instruction “infected all of the invalidity verdicts.” Oral Argument at 7:25. It points out that the trial court placed the challenged instruction at the start of the jury instructions, making clear that it — the only instruction regarding the defendant’s burden of proof — applied to all of Cento-cor’s invalidity challenges. Oral Argument at 10:50. As AbbVie explains, moreover, the challenged portion of the instruction pertaining to the impact of material not previously before the PTO, was relevant to and, thus, impacted the jury’s consideration of all four of the validity defenses/challenges. Specifically as to written description, AbbVie argues that Centocor’s central argument on the § 112 defense was “that the crystal structure of J695 was ‘additional information’ that made its burden easier to carry.” Appellant’s Reply 29.
About this, there is no dispute. Janssen concedes that what the parties and majority refer to as the Ui jury instruction applied to the § 112 issues just as much as it did to the obviousness claim. Indeed, when asked if the challenged jury instruction “impacts all grounds of invalidity,” Janssen’s counsel responded “exactly.” Oral Argument at 20:09 (admitting that the Ui instruction is, “not just about 103, it’s about all the 112” issues as well). Because both parties agree that our evaluation of AbbVie’s challenge to the jury instruction regarding Centocor’s burden of proof on all ;of its validity challenges is determinative of errors alleged, I would assess that jury instruction, determine whether it is legally accurate and, if not, whether it was prejudicial. That exercise would resolve fully the appeal before us.
Having conducted that exercise for both the obviousness and written description judgments, I believe that “[t]aken as a whole, the jury instruction reasonably apprised the jury on weighing evidence relevant to” both the written description and obviousness findings. Maj. Op. at 1304-05. I, thus, concur in the decision to affirm the lower court’s judgment. Because AbbVie *1307 is not entitled to a new trial because of a legally erroneous jury instruction, its patents stand invalid based on the jury’s obviousness finding.
For these reasons, I concur in the result the majority reaches, but not in the reasoning for doing so.